**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZAREEN SHEIKH, | NO. ED CV 15-611-E |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

Plaintiff filed a Complaint on March 31, 2015, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on May 21, 2015.

Plaintiff filed a motion for summary judgment on October 28, 2015. Defendant filed a cross-motion for summary judgment on November 30, 2015. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed April 7, 2015.

///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former preschool teacher, asserted disability since November 30, 2009, based primarily on alleged right knee and back problems (Administrative Record ("A.R.") 49-61, 87, 140-41, 165, 170-72, 182, 187). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 31-467). The ALJ found Plaintiff has a "strain of the lumbar spine and patellar tendinitis of the right knee," but retains the residual capacity to perform light work with certain restrictions (A.R. 33-34). Relying in part on the vocational expert's testimony, the ALJ determined that a person retaining this capacity could perform Plaintiff's past relevant work (A.R. 39). The ALJ deemed Plaintiff's testimony regarding the severity of her symptoms and functional limitations to be less than fully credible (A.R. 35-38). The Appeals Council considered additional evidence but denied review (A.R. 1-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.

Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1232 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the

Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

## DISCUSSION

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

**I. Substantial Evidence Supports the Conclusion Plaintiff Can Work.**

A claimant bears the burden of proving that "a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987); see Bowen v. Yuckert, 482 U.S. 137, 146-50 (1987). Plaintiff failed to carry this burden in the present case. As discussed below, the Administrative Record contains relevant evidence that "a reasonable mind might accept as adequate to support [the] conclusion" that Plaintiff is not disabled.

A consultative orthopedic examiner opined Plaintiff has an even greater exertional capacity than that which the ALJ found to exist

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

4

(A.R. 364-68). Plaintiff's history of medical testing and treatment also supports the conclusion Plaintiff retains the capacity to work. For example, testing of Plaintiff's right knee during the period of alleged disability sometimes revealed a full range of motion (A.R. 317, 367). Straight leg raising tests sometimes were negative (A.R. 306, 331). An MRI of Plaintiff's lumbar spine revealed only "mild" to "moderate" problems (A.R. 336-37). An MRI of Plaintiff's right knee revealed no evidence of instability and no positive findings in terms of ligamentous or meniscus damage (A.R. 419, 422, 426).

Several non-examining state agency physicians opined Plaintiff's limitations do not prevent her from working (A.R. 71, 73-81, 415). The opinion of a non-examining physician may serve as substantial evidence to support the Administration's residual functional capacity determination when the opinion "'is not contradicted by <u>all other evidence</u> in the record.'" Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (quoting Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir. 1989) (emphasis in original)). In the present case, the opinions of the non-examining physicians are not "contradicted by all other evidence in the record."

Although the medical evidence arguably is in conflict, it is the prerogative of the Administration to resolve such conflicts. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). When evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision. See Andrews v. Shalala, 53 F.3d at 1039-40; accord Thomas v. Barnhart, 278 F.3d at 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). At a

minimum, the Administration's conclusion Plaintiff can work was a "rational interpretation" of the evidence of record.

The vocational expert testified that a person with the residual functional capacity the ALJ found to exist could perform Plaintiff's past relevant work (A.R. 63). The ALJ properly relied on this testimony in denying disability benefits. See Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995) (ALJ properly may rely on a vocational expert to identify jobs a claimant can perform).

**II. The ALJ Properly Discounted Plaintiff's Credibility.**

In her hearing testimony and written submissions, Plaintiff claimed to suffer from constant, excruciating pain and disabling functional limitations (A.R. 52-54, 57, 170-72, 182, 187, 216). For example, Plaintiff consistently rated her pain as a nine or ten on a scale of one to ten (A.R. 54, 330).[2] She claimed her "legs cannot hold my body weight" (A.R. 87). According to Plaintiff, she can walk only approximately 15-20 yards (and then only with the use of a walking stick or walker) (A.R. 170). She said she "can not maintain balance while standing" and cannot walk without "a walker and/or cane" (A.R. 182). The ALJ deemed Plaintiff's subjective complaints not credible to the extent inconsistent with the residual functional capacity the ALJ found to exist (A.R. 35-38).
///

---

[2] A qualified medical examiner added, "However, it is noted that the patient complains of the severity of her pain in a comfortable fashion" (A.R. 330).

6

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[3] An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling 96-7p. As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

---

[3] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v. Commissioner, 659 F.3d at 1234; see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

The ALJ properly reasoned that the objective medical evidence did not support a level of symptomatology that would prevent Plaintiff from working (A.R. 35-39). Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the medical evidence suggests Plaintiff's knee and back problems have not been, and are not now, as profound as she has claimed.

Contrary to Plaintiff's argument, the ALJ did not discount Plaintiff's credibility on the sole ground that her subjective complaints were "not fully corroborated by objective medical evidence." The ALJ also expressly grounded the credibility finding on the fact that an eyewitness' observation of Plaintiff's actions was inconsistent with Plaintiff's claimed limitations (A.R. 37). Contrary to Plaintiff's claimed inability to walk unaided, the orthopedic consultative examiner observed Plaintiff to "ambulate without her walker" and "without a limp" (A.R. 367). Inconsistencies between a claimant's subjective complaints and her actions, including inconsistencies observed by examiners, can support the rejection of the claimant's credibility. See, e.g., Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004) ("Dr. Bergquist noted inconsistencies during his examination of Batson, including that Batson removed his sweatshirt before the exam in a way that accommodated a greater cervical range of motion than what Batson had claimed"); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (claimant's testimony properly discounted when the claimant used a cane, but "two doctors

had specifically noted that the [claimant] did not need such a device"); see also Molina v. Astrue, 674 F.3d at 1112 ("the ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct"); Smolen v. Chater, 80 F.3d at 1284 ("in evaluating the credibility of the symptom testimony, the ALJ must also consider . . . observations of treating and examining physicians and other third parties regarding . . . the claimant's symptom[s] . . . and . . . functional restrictions caused by the symptoms") (citing Social Security Ruling 88-13).

The ALJ also properly cited the "unremarkabl[e]" and "conservative[]" nature of Plaintiff's treatment (A.R. 36). A conservative course of treatment may discredit a claimant's allegations of disabling symptoms. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (failure to request "any serious medical treatment for [claimant's] supposedly excruciating pain" was adequate reason to reject claimant's pain testimony); Johnson v. Shalala, 60 F.3d at 1434 (conservative treatment can suggest a lower level of both pain and functional limitation, justifying adverse credibility determination); see also Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (characterizing physical therapy as conservative treatment).

Accordingly, the ALJ stated sufficient reasons to allow this Court to conclude that the Administration discounted Plaintiff's

credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the Administration's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 4, 2016.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE